IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| JENELLE LOOBY,<br>PATRICIA VARLACK as personal<br>representative of A'JAHARI LOOBY-<br>RICHARDS, and<br>THE ESTATE OF A'JAHARI LOOBY-<br>RICHARDS<br><br>        Plaintiffs,<br><br>        v.<br><br>DAVID DAWSON,<br>JOAN DAWSON,<br>GOVERNMENT OF THE VIRGIN ISLANDS,<br>VIRGIN ISLANDS POLICE DEPARTMENT,<br><br>        Defendants. | Civil No. 2006-208 |

**ATTORNEYS:**

**Natalie Nelson Tang How, Esq.**
St. Croix, U.S.V.I.
    *For the plaintiffs,*

**Treston E. Moore, Esq.**
St. Thomas, U.S.V.I.
    *For the defendants David Dawson and Joan Dawson,*

**Tamika Archer, Esq.**
St. Thomas, U.S.V.I.
    *For the defendants, the Government of the Virgin Islands and the Virgin Islands Police Department,*

**Clive Rivers, Esq.**
St. Thomas, U.S.V.I.
    *For defendant Charlesworth Richardson.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court is the motion of the Government of the Virgin Islands (the "Government") and the Virgin Islands Police Department (the "VIPD") to dismiss the Second Amended Complaint (the "Complaint") filed by Jenelle Looby ("Looby"), Patricia Varlack ("Varlack"), as personal representative for A'Jahari Looby-Richards (collectively, the "Plaintiffs"), and the Estate of A'Jahari Looby-Richards (the "Estate"). For the reasons stated below, the Court will grant the motion.

### I. FACTS

On January 30, 2006, A'Jahari Looby-Richards, a minor child, was walking on a public road in St. Thomas, U.S. Virgin Islands when he was struck and killed by a vehicle. David Dawson was driving the vehicle, which he owned jointly with Joan Dawson (together, the "Dawsons"). Virgin Islands Police Officer Marjorie Wheatley investigated the accident. There were no citations issued or criminal charges filed in connection with the accident. There was no disciplinary action taken against Officer Wheatley as a result of her investigation of the accident.

Thereafter, the Plaintiffs commenced the above-captioned action against the Dawsons, the Government, the VIPD, and Charlesworth Richardson ("Richardson"). Count One of the

Complaint is a claim of negligent or reckless driving against David Dawson. Count Two alleges that Joan Dawson negligently entrusted David Dawson with the use of the vehicle. Count Three alleges that the Government and the VIPD were negligent or grossly negligent in failing to adequately train and supervise the police officers, causing Officer Wheatley to negligently or recklessly mishandle the investigation. Count Four claims that Richardson was negligent in supervising the child, who was in his care when the accident occurred. Count Five alleges a civil rights violation against the Government and the VIPD, for allowing Officer Wheatley to investigate the accident without providing her adequate training and supervision. Counts Six and Seven, respectively, raise claims of intentional and negligent infliction of emotional distress against all of the defendants. In Count Eight, the Plaintiffs seek punitive damages.

On July 11, 2007, the Government and the VIPD filed the instant motion to dismiss the Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) ("Rule 12(b)(6)" and "Rule 12(b)(1)"). The Court thereafter ordered the Plaintiffs to file their opposition to the motion no later than September 5, 2007. No opposition has been filed.

## II. STANDARDS FOR MOTIONS TO DISMISS

### A. Rule 12(b)(6)

In considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, all material allegations in the complaint are taken as true, and the court must construe all facts in a light most favorable to the non-moving party. *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). Additionally, all reasonable inferences are drawn in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 223 (3d Cir. 2004). The complaint should not be dismissed unless the "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Wheeler v. Hampton* Twp., 399 F.3d 238, 242 (3d Cir. 2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

### B. Facial Attacks Under Rule 12(b)(1)

The Government and the VIPD claim that the facts alleged in the Complaint do not constitute a valid basis for federal question jurisdiction under 28 U.S.C. § 1331. Additionally, they have moved to dismiss the Complaint before filing an answer. In considering that facial challenge to subject matter jurisdiction under Rule 12(b)(1), all material allegations in the Complaint are taken as true. *See Mortensen v. First Federal Savings and Loan Ass'n*, 549 F.2d 884, 891-92 (3d Cir. 1977) (explaining that

facial challenges contest the sufficiency of the pleadings, whereas factual challenges, which "cannot occur until plaintiff's allegations have been controverted," attack the truth of the facts alleged therein); *Taliaferro v. Darby Township. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006) (summarizing the standard for facial attacks under Rule 12(b)(1) as "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court"). Indeed, the "standard is the same when considering a facial attack under Rule 12(b)(1) or a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Petruska v. Gannon Univ.*, 462 F.3d 294, 299 (3d Cir. 2006).

### C.  Supplemental Jurisdiction

Under title 28, section 1367 of the United States Code ("Section 1367"), if a district court has subject matter jurisdiction over a party's federal claim, it may also have supplemental jurisdiction over his territorial law claims. Section 1367 provides that:

> the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a) (1990). However, district courts may decline to exercise supplemental jurisdiction over state law claims if

*Looby v. Dawson, et al.*
Civil No. 2006-208
Memorandum Opinion
Page 6

"the district court has dismissed all claims over which it has original jurisdiction . . . ." *Id.* at § 1367(c)(3).

### III. ANALYSIS

The Government and the VIPD argue that the Plaintiff's have failed to state a claim for every federal cause of action alleged as a basis for this Court's jurisdiction. Furthermore, the Government and the VIPD contend that the Court should decline to exercise supplemental jurisdiction over the Plaintiffs remaining territorial law claims.

**A.  Federal Causes of Action**

The Complaint states that this Court has jurisdiction over this matter pursuant to 42 U.S.C. §§ 2000e, *et. seq.* ("Title VII,"), 1391, 1981, and 1983.

**1.  Title VII**

Title VII prohibits "employers" from engaging in certain "unlawful employment practices." 42 U.S.C. § 2000e-2(a) (1991). Indeed, "Title VII only addresses acts by the 'employer.'" *Evans v. Port Authority Trans-Hudson Corp.*, 2006 WL 408391 at *1 n.1 (3d Cir., Feb. 23, 2006) (slip copy); *see also Equal Employment Opportunities Commission v. Shell Oil Co.*, 466 U.S. 54, 77 (1984) (holding that the dominant purpose of Title VII is to root out discrimination in employment). The existence of an employer-employee relationship is therefore essential to alleging a proper

cause of action under Title VII. *See Graves v. Lowrey*, 117 F.3d 723, 729-30 (3d Cir. 1997).

Here, the Complaint fails to allege the existence of an employer-employee relationship between any defendant and any plaintiff in this matter. Nor do the facts contained in the Complaint support the inference that any defendant has ever been the employer or prospective employer of any plaintiff. Accordingly, the Plaintiffs have failed to state a proper claim under Title VII. *See, e.g., Evans*, 2006 WL 408391 at *1 n.1 (noting that, despite plaintiffs' claim that Title VII charges could be brought against all defendants, such charges had been dismissed as to fellow employees because they were not considered to be "employers" of the plaintiffs).

2. **42 U.S.C. § 1391**

Under 42 U.S.C. § 1391, Congress authorized funds to be appropriated to help the states (including the United States Virgin Islands) organize comprehensive community action in an

effort to "combat mental retardation." 42 U.S.C. § 1391 (1965).[1]
The language of 42 U.S.C. § 1391 does not expressly or implicitly
create a cause of action of any sort.[2]

### 3. 42 U.S.C. § 1981

Title 42, section 1981 of the United States Code ("Section
1981") prohibits racial discrimination in the making and

---

[1] Section 1391 states in full:

For the purpose of assisting the States (including the
District of Columbia, the Commonwealth of Puerto Rico, the
Virgin Islands, Guam, and American Samoa) to plan for and
take other steps leading to comprehensive State and
community action to combat mental retardation, there is
authorized to be appropriated the sum of $2,200,000. There
are also authorized to be appropriated, for assisting such
States in initiating the implementation and carrying out of
planning and other steps to combat mental retardation,
$2,750,000 for the fiscal year ending June 30, 1966, and
$2,750,000 for the fiscal year ending June 30, 1967.

42 U.S.C. § 1391.

[2] The Plaintiffs may have intended to cite 28 U.S.C. § 1391
as a basis for their federal question jurisdiction. However, 28
U.S.C. § 1391 sets forth the grounds for proper venue in federal
judicial districts. The venue provisions do not create a basis
upon which to assert a claim in federal court.

*Looby v. Dawson, et al.*
Civil No. 2006-208
Memorandum Opinion
Page 9

enforcing of contracts. *See* 42 U.S.C. § 1981 (1991);[3] *see also Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 613 (1987) (holding that, in passing 42 U.S.C. § 1981, Congress intended to protect identifiable classes of persons who experience intentional discrimination solely because of their ancestry or ethnic characteristics). To establish a claim under Section 1981, a plaintiff must allege facts that support the following elements: (1) the plaintiff is a member of a racial minority, (2) an intent to discriminate on the basis of race by the defendant, and (3) the existence of an impaired contractual relationship under which the plaintiff has rights. *See Dominos Pizza Inc., v. McDonalds*, 546 U.S. 470, 475-77 (2006); *Brown v. Phillip Morris, Inc.*, 250 F.3d 789, 797 (3d Cir. 2001).

The Complaint in this case does not identify the Plaintiffs' race. The facts contained therein do not provide any basis from which to infer that the Plaintiffs' belong to a racial minority,

---

[3] Section 1981 provides:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981.

or that this matter in any way involved differential treatment on the basis of race. The Complaint does not, directly or indirectly, allege the existence of any contractual relationship at all. Accordingly, the Plaintiffs have failed to state a claim under Section 1981. *See, e.g., General Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 383-391 (1982) (dismissing plaintiff's 42 U.S.C. § 1981 claim for failure allege facts showing intentional racial discrimination); *see also Koch v. Yunich*, 533 F.2d 80, 85 (2d Cir. 1980) ("[C]omplaints relying on civil rights laws are plainly insufficient unless they contain some specific allegations of fact indicating deprivation of civil rights, rather than stating simple conclusions.").

### 4. 42 U.S.C. § 1983

Pursuant to 42 U.S.C. § 1983 ("Section 1983"),

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983 (1996). To bring a cause of action under Section 1983, a plaintiff must show: (1) that the defendants are "persons;" (2) that the defendants acted under color of law; and (2) that such actions deprived the plaintiff of rights secured by the Constitution or federal statutes. *See id*; *see also Anderson*

v. *Davila*, 125 F.3d 148, 159 (3d Cir. 1997); *Brow v. Farrelly*, 994 F.2d 1027, 1037 (3d Cir. 1993).

The Territory of the Virgin Islands is not considered to be a "person" for the purposes of damage liability under Section 1983. *Brow*, 994 F.2d at 1037; *see also Will v. Michigan Dept. Of State Police*, 491 U.S. 58, 66-71 (1989) (finding that Congress did not intend to abrogate sovereign immunity by including states or state actors in their official capacities in the category of "persons" liable under Section 1983). Since the Territory of the Virgin Islands is not a "person," entities functioning as its instrumentalities are also immune from damage liability under Section 1983. *See Eddy v. Virgin Islands Water and Power Auth.*, 955 F. Supp. 468, 476 (D.V.I. 1997).

The Plaintiffs in this case have brought a claim for damages under Section 1983 against the Government and the VIPD only. Neither the Government, nor the VIPD is a "person" subject to damage liability pursuant to Section 1983. *See, e.g., Will*, 491 U.S. at 64 (holding that the Michigan Department of State Police was not a "person" under Section 1983); *Ngiraingas v. Sanchez*, 858 F.2d 1368 (9th Cir. 1988), *certiorari granted* 110 S.Ct. 48, 493 U.S. 807, 107 L.Ed.2d 17, *affirmed* 110 S.Ct. 1737, 495 U.S. 182, 109 L.Ed.2d 163 ("The Guam Police Department, like the government it serves, is not a person for purposes of Section

1983 liability."); *see also Nibbs v. Roberts*, 31 V.I. 196 (holding that a Virgin Islands Police Officer is subject to damage liability under Section 1983 in his individual capacity only, not in his official capacity). Accordingly, Count Five of the Complaint fails to state a claim under Section 1983.

## B. Territorial Law Claims

Because the Plaintiffs' have failed to state a claim under every federal cause of action alleged in the Complaint, it is within the sound discretion of the Court to determine whether or not to exercise supplemental jurisdiction over his remaining claims. *Annulli v. Panikkar*, 200 F.3d 189, 202 (3d Cir. 1999) (explaining that the decision to exercise supplemental jurisdiction is reviewed for abuse of discretion, "focusing on whether the dismissal of the pendent claims best serves the principles of judicial economy, convenience, fairness, and comity").

*Looby v. Dawson, et al.*
Civil No. 2006-208
Memorandum Opinion
Page 13

The Court declines to exercise supplemental jurisdiction regarding the Plaintiffs' remaining Territorial law claims.[4]

## IV.   CONCLUSION

Because the Complaint fails to allege a federal cause of action and the Court declines to exercise supplemental jurisdiction over the Plaintiffs' territorial law claims, the Court will dismiss the Complaint in its entirety. An appropriate judgment follows.

DATED: October 19, 2007                S\_____
                                        **Curtis V. Gómez**
                                        **Chief Judge**

Copy:

Hon. Geoffrey W. Barnard
Natalie Nelson Tang How, Esq.
Treston E. Moore, Esq.
Tamika Archer, Esq.
Clive Rivers, Esq.
Wilfredo F. Morales
Mrs. Trotman
Ms. Donovan
Ms. Schneider
Bailey Figler, Esq.

---

[4] The Plaintiffs in this case may pursue their tort claims in the Superior Court, since the two-year statute of limitations will not expire until January 30, 2008. *See* 5 V.I.C. § 31(5)(A) (1977) (setting forth a two-year statute of limitations for tort actions). Additionally, in cases such as this in which there is no federal issue, it is preferable to let the Superior Court decide the territorial law claims. *See Esposito v. Emery* 402 F.2d 878, 880 (3d Cir. 1968). Finally, the parties in this matter are not diverse from each other, so there is no basis for jurisdiction under 28 U.S.C. § 1332.